**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Civil Action No. 13-CV-02093-PAB-DW**

**FRANK CALER,**

**Plaintiff,**

**vs.**

**BROOKS BROWN,
T. J. FITZWATER,
RICHARD RIVERA,
LOGAN GHOLSON,
in their Individual and Official Capacities,**

**Defendants.**

---

### ORDER RE: DEFENDANT'S JOINT MOTION TO STAY DISCOVERY [DOC. #29]

---

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

      Defendant's Joint Motion to Stay Discovery [Doc. #29] was referred to the Magistrate Judge on November 5, 2013 Judge Philip A. Brimmer.

      Defendant's filed a Joint Motion to Stay Discovery pending the resolution of Defendants' dispositive motions [Doc. #11 and #28]. In evaluating a request for stay of discovery, courts consider five factors:

> 1. Plaintiff's interests in proceeding expeditiously and the potential prejudice to Plaintiff of a delay.
>
> 2. The burden is on the Defendant.
>
> 3. The convenience to the Court.

    4. The interests of persons not parties to the litigation.

    5. The public interest.

*Taylor* v. *Casper City Council Corp. Members*, 10-CV-00127-REB-KMT, 2010 WL 1416006, (D. Colo., Apr. 1, 2010)

All of the individual Defendants in this case have asserted qualified immunity and are entitled to have such immunity determined as a threshold issue of law before incurring the burden of litigation. *Mitchell* v. *Forsyth*, 472 U.S. 511, 526 (1985), *Saucier* v. *Katz*, 533 U.S. 194, 200 (2001).

The assertion of qualified immunity argument also works as a stay to the municipal liability claims against Archuleta County and the Town of Pagosa Springs. If qualified immunity is entered in favor of the individual Defendants because it is found they did not commit a constitutional violation, there would be no underlying support for a municipal liability claim. *Trigalet* v. *City of Tulsa, OK*, 239 F.3d 1150, 1154-56 (10th Cir. 2001).

The Plaintiff has not responded to Defendant's Motion to Stay Discovery and, therefore, there is no indication that granting a stay of discovery will adversely affect the interests of the parties, non-parties or public. The economy of time for counsel and the Court justifies a stay of discovery, therefore:

**IT IS HEREBY ORDERED** for the above reasons, as well as, Colorado Revised Statutes 24-10-118(2.5), the Defendants' Joint Motion to Stay Discovery pending rulings on the Motion to Dismiss and Motion for Summary Judgment is **GRANTED**.

**DATED: December 16, 2013**

                         **BY THE COURT:**

                         **s/David L. West**
                         **United States Magistrate Judge**

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 14 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**

### Certificate of Mailing

I hereby certify that on the 16th day of December, 2013, a true and correct copy of the foregoing Order was placed in the U. S. Mail, postage prepaid, to the pro se Plaintiff at the following address:

Frank Caler
293 Oren Road
Pagosa Springs, Colorado 81147

                        **By:    s/Shirley W. Dills**
                              **Assistant to Magistrate Judge**