IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No.  13-cv-02093-PAB-DW

FRANK CALER,

      Plaintiff,

v.

BROOKS BROWN, in his individual and official capacities,
TJ FITZWATER, in his individual and official capacities,
RICHARD RIVERA, in his individual and official capacities, and
LOGAN GHOLSON, in his individual and official capacities,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Motion for Summary Judgment [Docket No. 28] filed on November 5, 2013 by defendants[1] Brooks Brown and TJ Fitzwater. Plaintiff Frank Caler did not file a response.[2]  The Court has subject matter jurisdiction over plaintiff's 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331 and over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In light of plaintiff's pro se status, the Court must liberally construe his filings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

---

[1]All references to "Defendants" in the order are to defendants Brown and Fitzwater unless otherwise indicated.

[2]Plaintiff passed away on July 1, 2014.  Docket No. 42-1.  Defendants do not claim that plaintiff's claims are extinguished upon his death and the Court finds no basis for so concluding.  *See* Colo. Rev. Stat. § 13-20-101(1); *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) ("survival of § 1983 action is determined by looking to state law").

The undisputed facts are the following:  On August 11, 2012, Officer Brown of the Pagosa Springs Police Department was on patrol in his fully marked police vehicle. He was stopped at a stop sign on Eagle Drive, which is a road with one lane running in each direction, at the Piedra Road intersection.  Officer Brown observed a blue sedan approach from behind and pass him on the right by driving off the paved road and onto the dirt shoulder.  The vehicle then made a right turn onto Piedra Road.  Officer Brown activated his vehicle's emergency lights and attempted to stop the car for the traffic violation.  The vehicle, however, continued without stopping for approximately 0.5 miles before making a right turn onto Majestic Drive, a left turn onto Oren Road, and pulling into a driveway at 293 Oren Road.  The vehicle was later determined to be driven by plaintiff.  Docket No. 28 at 2-3, ¶¶ 1-3.

Despite being instructed to stay seated, plaintiff stepped out of his vehicle. Officer Brown identified himself, told plaintiff why he was stopped, and asked for plaintiff's driver's license, vehicle registration, and proof of vehicle insurance.  Plaintiff said he was not going to give Officer Brown anything and began to honk the horn on his vehicle as if trying to call someone from inside the house.  Plaintiff's grandson came out of the house and stood by watching.  At this time, Officer Brown activated his uniform body camera and the remainder of the incident is audio and video recorded.  *Id.* at 3, ¶¶ 3-5; *see also* Docket No. 28-4; Docket No. 28-5.

Officer Brown requested several times that plaintiff produce his driver's license, vehicle registration, and proof of vehicle insurance, but plaintiff refused and instead read from a pocket copy of the United States Constitution.  Sergeant Fitzwater then arrived on scene and also asked plaintiff to produce his driver's license.  Plaintiff

admitted that he had operated a motor vehicle and had pulled around Officer Brown's patrol car to pass him, but plaintiff refused to produce his driver's license or to state his name and date of birth.  Docket No. 28 at 4, ¶¶ 6-7.

Officer Brown and Sergeant Fitzwater then placed plaintiff under arrest.  As the Defendants attempted to place plaintiff in handcuffs, he actively resisted by stiffening his arms.  After a brief struggle, Officer Brown and Sergeant Fitzwater put handcuffs on plaintiff and placed him into a patrol car.  Officer Brown transported plaintiff to the Archuleta County Detention Facility, where his identity was verified.  Officer Brown issued two summons and complaints to Mr. Caler for the following charges:  (1) Colo. Rev. Stat. § 42-4-1007(1)(c) (failure to drive in designated lane); (2) Colo. Rev. Stat. § 42-4-705 (failure to yield right of way to emergency vehicle); and (3) Colo. Rev. Stat. § 18-8-104(1)(a) (obstructing a peace officer).  *Id.* at 4, ¶¶ 8-11.

Pursuant to 42 U.S.C. § 1983, plaintiff brings claims alleging a violation of his rights to freedom of speech and right to be free from unreasonable search and seizure of his person and effects, citing the First, Fourth, Fifth, and Fourteenth Amendments. *Id.* at 9-12.  Plaintiff also brings state law claims for assault and battery, negligence, false imprisonment, and intentional infliction of mental distress.  *Id.* at 13-14.  Plaintiff brings all claims against Defendants in their individual and official capacities. Defendants seek summary judgment on all claims.  Docket No. 28 at 19.

## I. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson*

*v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if

under the relevant substantive law it is essential to proper disposition of the claim.

*Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes

over material facts can create a genuine issue for trial and preclude summary

judgment.  *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An

issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a

verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir.

1997).

By failing to file a response to defendants' summary judgment motion, plaintiff

"waives the right to respond or to controvert the facts asserted in the summary

judgment motion."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  However,

the Court is nonetheless required to "make the specific determinations required by

[Rule 56 and] properly grants summary judgment pursuant to Rule 56 only if the motion

demonstrates no genuine issue of material fact exists and the movant is entitled to

judgment as a matter of law."  *Id.* at 1196.[3]

Defendants assert the qualified immunity defense in response to plaintiff's

§ 1983 claims against Defendants in their individual capacity.  Under the doctrine of

qualified immunity, "government officials performing discretionary functions generally

are shielded from liability for civil damages insofar as their conduct does not violate

---

[3]For this reason, the Court need not decide if dismissal as a sanction is appropriate.  *See Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407-08 (10th Cir. 2002) (holding that district court did not abuse its discretion in dismissing plaintiff's claims for failure to file a proper response to motion for summary judgment).

clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Upon a public official's assertion of a qualified immunity defense, plaintiff bears a "heavy burden" under a two-pronged analysis.  *Buck v. City of Albuquerque,* 549 F.3d 1269, 1277 (10th Cir. 2008). Under the first prong of the analysis, the plaintiff is required to "establish that the defendant's actions violated a constitutional or statutory right." *Smith v. Cochran,* 339 F.3d 1205, 1211 (10th Cir. 2003) (quoting *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir. 2001)).  The determination of whether a violation occurred under the first prong of the qualified immunity analysis turns on substantive law regarding that right.  *See, e.g., Casey v. City of Fed. Heights,* 509 F.3d 1278, 1282-83 (10th Cir. 2007).  Under the second prong, the plaintiff must show that the right at issue was "clearly established" at the time of the defendant's alleged misconduct.  *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

## II.  ANALYSIS

### A.  § 1983 Claims

#### 1. First Amendment

Plaintiff's complaint alleges that, had plaintiff not read aloud from his pocket Constitution, plaintiff "would not have been subjected to the punishment and rights violations of Brown and Fitzwater."  Docket No. 1 at 9, ¶ 31.  Defendants characterize plaintiff's first amendment claim as a retaliation claim.  Docket No. 28 at 7.  The Court agrees.  In a free speech retaliation claim, plaintiff must establish

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill

a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Leverington v. City of Colo. Springs*, 643 F.3d 719, 729 (10th Cir. 2011) (quotations

omitted).  Defendants focus on the third element and argue that plaintiff has failed to

show that, but for a desire to retaliate, Defendants would have not conducted an arrest.

Docket No. 28 at 8.  The undisputed evidence in this case establishes that Defendants

sought to cite plaintiff for a simple traffic violation, but that plaintiff refused to provide his

driver's license, date of birth, or name.  Docket No. 28 at 4, ¶¶ 6-8.  There is no

evidence in the record that otherwise calls into question Defendants' motivation for

arresting plaintiff.  *McCook v. Springer Sch. Dist.*, 44 F. App'x 896, 905 (10th Cir. 2002)

(unpublished) (noting that, where qualified immunity is asserted, if defendants make a

prima facie showing that their conduct was reasonable, plaintiff must present evidence

that defendants "acted on the basis of a culpable subjective state of mind" (quotations

omitted)).  As such, the Court finds that Defendants are entitled to summary judgment

on plaintiff's first amendment claim.

### 2. Fourth Amendment Claims[4]

Plaintiff makes a Fourth Amendment claim for unlawful arrest and unlawful

search of his person and unlawful seizure of his "papers and effects."  Docket No. 1 at

9-11.  The Court first turns to Defendants' arrest of plaintiff.  Defendants argue that

---

[4]The Fourth Amendment applies to state actors by way of incorporation into the due process clause of the Fourteenth Amendment.  *See United States v. Rodriguez-Rodriguez*, 550 F.3d 1223, 1225 n.1 (10th Cir. 2008) (citing *Mapp v. Ohio*, 367 U.S. 643, 655 (1961)). For ease of reference, the Court refers herein only to the Fourth Amendment.

Officer Brown had probable cause to conduct a traffic stop of plaintiff and that, pursuant

to *Hiibel v. Sixth Judicial District Court of Nevada*, 542 U.S. 177 (2004), plaintiff's

refusal to provide identification was probable cause to arrest him.  Docket No. 28 at 10-

12.  The Fourth Amendment provides that the "right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures . . .

shall not be violated."  U.S. Const. amend. IV.  A "seizure" for the purposes of the

Fourth Amendment occurs when a government actor terminates one's freedom of

movement through means intentionally applied.  *See Brower v. County of Inyo*, 489

U.S. 593, 596-97 (1989); *Scott v. Harris*, 550 U.S. 372, 381 (2007).

Generally, so long as law enforcement has probable cause to believe that a

traffic violation has occurred, the decision to stop an automobile is reasonable.  *Whren

v. United States*, 517 U.S. 806, 810 (1996).  It is undisputed that Officer Brown

witnessed plaintiff commit a traffic violation when the vehicle plaintiff was driving passed

Officer Brown's vehicle on the right shoulder of the road.  Docket No. 28 at 3, ¶ 2; *see

also* Colo. Rev. Stat. § 42-4-1007(1)(c).  Thus, Officer Brown had probable cause to

conduct a traffic stop of plaintiff's vehicle.  The question therefore becomes whether

Defendants had probable cause to arrest plaintiff.  Under Colorado law, driving without

a license is a class 2 misdemeanor, § 42-2-101(10), and failure to provide proof of

insurance is a class 1 misdemeanor, § 42-4-1409(4)(a). Law enforcement officers have

statutory authority to arrest an individual "whom the officer observes committing a

misdemeanor." *People v. Meredith*, 763 P.2d 562, 564 (Colo. 1988) (citing § 16-3-102);

*see also People v. Barrientos*, 956 P.2d 634, 636 (Colo. App. 1997) (holding that failure

to produce evidence of insurance is a "class 1 misdemeanor traffic offense for which

arrest is authorized" (citing Colo. Rev. Stat. § 42-4-1409 and § 42-4-1705)).  Plaintiff's

refusal to provide a driver's license or proof of insurance under the circumstances could

lead a reasonable person to believe that plaintiff had violated § 42-4-1409.  As such,

even when viewing the facts in the light most favorable to plaintiff, plaintiff has failed to

establish that Defendants violated a constitutional right in conducting an arrest of

plaintiff.  *See Smith*, 339 F.3d at 1211.  The Court finds that Defendants are entitled to

summary judgment on plaintiff's claim for unreasonable arrest.

Plaintiff claims that, upon his arrival at the Archuleta County Detention Center,

Defendants conducted an unreasonable search of his person and seizure of his

personal papers and effects.  Specifically, plaintiff alleges that Officer Rivera conducted

the search and that Defendants acted "in concert."  *See, e.g.*, Docket No. 1 at 12, ¶ 49.

Plaintiff's allegation is conclusory and therefore insufficient to suggest that Defendants

were personally involved in the search of his person and seizure of his property.  *See

Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("Individual liability under

§ 1983 must be based on personal involvement in the alleged constitutional violation."

(quotations omitted)).  The Court finds that Defendants are entitled to summary

judgment on plaintiff's claim for unreasonable search of his person and seizure of his

property.

### 3. Official Capacity Claims

The Court turns to plaintiff's claims against Defendants in their official capacities,

which, under § 1983, are considered suits against Defendants' employer, the Town of

Pagosa Springs.  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978).

Although entities such as the Town of Pagosa Springs do not enjoy the benefits of

qualified immunity, plaintiff has failed to show, for the reasons noted above, that

Defendants' conduct rose to the level of a constitutional violation.  *See Myers v. Okla.*

*Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1317 (10th Cir. 1998) (holding that plaintiff

asserting municipal liability claim must prove that a municipal employee committed a

constitutional violation).  As such, the Court finds that Defendants are entitled to

summary judgment on plaintiff's § 1983 claims against Defendants in their official

capacities.[5]

### B.  State Law Claims

Having dismissed plaintiff's claims against Defendants arising under federal law

and having dismissed plaintiff's claims against Officers Rivera and Gholson arising

under federal law, the Court next addresses the issue of whether it should exercise

jurisdiction over plaintiff's remaining claims, which are based upon state law.  In every

case and at every stage of the proceeding, a federal court must satisfy itself as to its

own jurisdiction, even if doing so requires sua sponte action.  *Citizens Concerned for*

*Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301

(10th Cir. 1980).  While courts may exercise supplemental jurisdiction over state law

---

[5]Although plaintiff also invokes the Fifth, and Fourteenth Amendments and hints at due process violations, treatment during "the period of time between an unlawful arrest and the institution of legal process forms one constitutional claim, arising under the Fourth Amendment."  *Mondragón v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008).  Claims regarding an individual's treatment after the institution of process arise under the Due Process Clause.  *Id.*  Thus, plaintiff's claims are not properly characterized as due process violations.

claims if there is otherwise a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3)

states that a court may decline to exercise jurisdiction over such claims if "the district

court has dismissed all claims over which it has original jurisdiction."  When §

1367(c)(3) is implicated in the Tenth Circuit, courts are advised to dismiss pendent state

law claims "'absent compelling reasons to the contrary.'"  *Brooks v. Gaenzle*, 614 F.3d

1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)

(reversing the district court's grant of summary judgment on state law claims); *Endris v.*

*Sheridan Cnty. Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims

for assault and battery or mental and emotional injury were inappropriate subjects for

the exercise of pendent jurisdiction where all federal claims had been dismissed").  *But*

*see Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011)

(finding no abuse of discretion in trial court's decision to retain jurisdiction over state law

claims after plaintiff voluntarily dismissed claims arising under federal law).  Finding no

compelling reason here to retain jurisdiction, the Court will dismiss plaintiff's remaining

claims without prejudice.  *See* Colo. Rev. Stat. § 13-80-111 (permitting claims properly

commenced within the statute of limitations to be re-filed if involuntarily dismissed

because of lack of jurisdiction); *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 834

(Colo. App. 1996) (interpreting 28 U.S.C. § 1367(d) as tolling the statute of limitations

while claim is pending in federal court); *see also City of Los Angeles v. Cnty. of Kern*,

328 P.3d 56, 2014 WL 3030368, at *3 (Cal. July 7, 2014) (noting that interpretations of

§ 1367(d) vary between jurisdictions).

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 28] is **GRANTED**.  It is further

**ORDERED** that plaintiff's 42 U.S.C. § 1983 claims against Brooks Brown and TJ Fitzwater are dismissed with prejudice.  It is further

**ORDERED** that, given the Court's dismissal of plaintiff's federal causes of action against defendants Rivera and Gholson, *see* Docket No. 47, plaintiff's state law claims against Brooks Brown and TJ Fitzwater are dismissed without prejudice for lack of subject matter jurisdiction.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is dismissed in its entirety.


DATED September 25, 2014.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge